**Alexandria**

RICHARD PROCTOR

v.

COMMONWEALTH OF VIRGINIA

No. 1347-91-4

Decided July 28, 1992

COUNSEL

Jerry C. Lyell, for appellant.

Virginia B. Theisen, Assistant Attorney General (Leah A. Darron, Assistant Attorney General; Mary Sue Terry, Attorney Gen-

eral, on brief), for appellee.

OPINION

**WILLIS, J.**—Richard Proctor, appellant, was convicted by a jury of distribution of cocaine and of distribution of cocaine in a "drug-free zone." He contends that the trial court erred in admitting into evidence an unauthenticated photocopy of a certificate of laboratory analysis. We agree and reverse the decision of the trial court.

Detective Kenneth Ray Giles testified that he took an envelope containing a white rock-like substance to the laboratory for analysis. He testified, without objection, that the two sheets of paper marked Commonwealth's Exhibit 3 were the results he received from the laboratory. He verified this by matching the number listed on the submitted evidence to the number on the laboratory certificate. The submitted evidence number matched the case number, and was marked with the suspect's name and Giles' initials.

■ The defense objected to the admission of Exhibit 3 on the ground that the photocopy was not the original of the certificate of analysis and that Giles had not testified as to its authenticity. The trial court ruled that the document complied with the rules of evidence and with Code § 19.2-187. On cross-examination, Giles acknowledged that Exhibit 3 was a photocopy of the certificate of analysis, and that he had no knowledge of when or by whom the certificate was filed other than by reading what was on the photocopy.

> As a general rule, no writing may be admitted into evidence unless and until it has been "authenticated," i.e., until it has been shown to be genuine.

Charles E. Friend, *The Law of Evidence in Virginia* § 180 (3d ed. 1988).

■ The Commonwealth argues that because Commonwealth's Exhibit 3 was filed in the trial court clerk's office in compliance with Code § 19.2-187, it was admissible in evidence. However, Code § 19.2-187 addresses the problem of hearsay, and compli-

ance with its requirements merely exonerates an otherwise hearsay document from the application of the hearsay rule. *See Basfield v. Commonwealth*, 11 Va. App. 122, 124, 398 S.E.2d 80, 81 (1990). The issue in this case is not hearsay, but authentication. Although the original certificate, if filed in compliance with Code § 19.2-187, would have been admissible in evidence over a hearsay objection, a copy of that certificate, to be admissible, must be shown to be genuine and adequate. Such authenticating proof was not adduced in this case.

Detective Giles admitted that he had no personal knowledge of the original certificate of analysis. He stated that the copy that was received as Commonwealth's Exhibit 3 was the same as a copy that had been sent to him. However, there was no evidence that either copy was a true replica of the original.

The Commonwealth relies on *Myrick v. Commonwealth*, 13 Va. App. 333, 412 S.E.2d 176 (1991). However, in *Myrick*, the Commonwealth satisfied the authentication requirement by the testimony of a clerical aid who stated that she had filed the original document, that the tendered copy was a true and accurate copy of the original, and presented a certified copy of the original in corroboration of her testimony.

The judgment of the trial court is reversed and this case is remanded for further proceedings if the trial court be so advised.

*Reversed and remanded.*

Duff, J., and Bray, J., concurred.