COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata and Overton
Argued at Alexandria, Virginia


JACKIE COSTELLO INGRAM

v.        Record Nos. 0721-95-4 and        MEMORANDUM OPINION[*] BY
                      0722-95-4        JUDGE ROSEMARIE ANNUNZIATA
                                              JANUARY 23, 1996
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
William L. Winston, Judge

Conrad C. Gaarder, for appellant.

John K. Bynum, Jr., Assistant Attorney
General (James S. Gilmore III, Attorney
General; Steven A. Witmer, Assistant Attorney
General, on brief), for appellee.


Following a jury trial on October 12, 1994, appellant,

Jackie Costello Ingram ("Ingram"), was convicted of distribution

of an imitation controlled substance within 1000 feet of school

property and distribution of an imitation controlled substance.

Ingram was sentenced, respectively, to three years imprisonment

and $1500 and one year and $500.  On appeal, Ingram contends the

trial court erred in admitting into evidence a certified

photocopy of the original Certificate of Analysis.  We disagree

and affirm.

Ingram sold imitation crack cocaine to an undercover police

officer within 100 yards of an elementary school.  At trial, the

Commonwealth sought to introduce into evidence a certified

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

photocopy of the original Certificate of Analysis, previously identified by a Commonwealth witness as a "xeroxed copy of the original certificate for analysis." Ingram's contention that the photocopy was hearsay and that only the original could be admitted is without merit.

First, Ingram waived his claim because he did not accept the Commonwealth's offer to retrieve the original certificate after the court asked Ingram if he wanted it. See Rule 5A:18. Ingram cannot invite error and then take advantage of the situation he created. See, e.g., Manns v. Commonwealth, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992).

Second, even absent waiver, the trial court's decision must be affirmed. As a matter of law, official records shall be received as evidence when authenticated and certified by the clerk to be a true record. Code § 8.01-389(A). A copy of such a record is admissible if it is authenticated. Code § 8.01-391(C); Proctor v. Commonwealth, 14 Va. App. 937, 938-39, 419 S.E.2d 867, 867-68 (1992). "Authenticated" and "certified" are synonymous terms in this context. Owens v. Commonwealth, 10 Va. App. 309, 311, 391 S.E.2d 605, 605-06 (1990) (concluding that clerk's certification of copy of record properly authenticated record pursuant to Code § 8.01-389). The clerk's certification that the document in this case is a true copy meets the statutory standard for admissibility. Accordingly, the appellant's conviction is affirmed.

<u>Affirmed.</u>