489 S.E.2d 250

**Chance TAYLOR**

v.

**COMMONWEALTH of Virginia.**

**Record No. 0938–96–2.**

Court of Appeals of Virginia,
Richmond.

Aug. 26, 1997.

Rehearing En Banc Granted Sept. 26, 1997.

Charles R. Watson, for appellant.

Leah A. Darron, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

Present: BENTON, ELDER and OVERTON, JJ.

ELDER, Judge.

Chance Taylor (appellant) appeals his convictions of three counts of possession of cocaine with intent to distribute. He contends that the trial court erred (1) by admitting into evidence the date stamp on a certificate of drug analysis apparently affixed when the certificate was received by an employee of the trial court's clerk's office, and (2) by admitting the certificate of drug analysis itself in violation of Code § 19.2–187. For the reasons that follow, we reverse and remand.

## I.

## FACTS

Appellant was charged with three counts of possessing cocaine with intent to distribute and was tried on October 27, 1995. At trial, a narcotics detective testified that on three separate occasions he purchased a substance from appellant

that appeared to be crack cocaine. After the detective testified, the Commonwealth's attorney offered a certificate of drug analysis (certificate) prepared by Anthony A. Burke, a forensic scientist with the Commonwealth's Division of Forensic Science. The certificate included Mr. Burke's written statement that a laboratory analysis of the items purchased from appellant established that they were cocaine. On the face of the certificate was an impression made by a mechanical date stamp that stated:

RECEIVED AND FILED

JUL 13 1995

CHESTERFIELD CIRCUIT COURT.

Other than the date stamp, the certificate contained no handwriting or other indicia that it was received by the clerk of the trial court prior to appellant's trial.

Appellant objected to the admission of the certificate on the ground that the Commonwealth failed to prove the certificate had been filed with the clerk of the trial court at least seven days prior to trial as required by Code § 19.2–187. He objected to the admission of the date stamp on the certificate, contending that it was inadmissible to prove the certificate was timely filed because it had not been authenticated. The trial court overruled appellant's objection and received both the certificate and the date stamp into evidence. Appellant later renewed his objection to the certificate and date stamp in a motion to strike. The trial court overruled the motion and convicted appellant of all three charges.

During the sentencing phase of the proceeding, appellant moved the trial court to reconsider its ruling on his motion to strike. He argued that, in addition to the lack of evidence establishing the date stamp's authenticity, the date stamp on the certificate was inadmissible because it was hearsay and not within any exception to the hearsay rule. He argued that the inadmissibility of the date stamp rendered the certificate inadmissible because, without the date stamp, the Commonwealth had failed to prove that the certificate had been filed in

accordance with Code § 19.2–187. The trial court overruled appellant's motion and sentenced him.

## II.

### ADMISSIBILITY OF THE DATE STAMP

Appellant contends that the trial court erred when it admitted the date stamp on the certificate. He argues that the date stamp was inadmissible either because it was hearsay and not within an exception to the hearsay rule or because it was not authenticated. We agree that it was not properly authenticated and should not have been admitted by the trial court.

### A.

### CODE § 19.2–187 AND THE DATE STAMP

■ The significance of the date stamp on the certificate in this case stems from Code § 19.2–187, which creates an exception to the hearsay rule for certificates of analysis containing the hearsay statements of laboratory technicians who have analyzed or examined physical evidence in a case. *See Myrick v. Commonwealth,* 13 Va.App. 333, 336–37, 412 S.E.2d 176, 178 (1991). Under Code § 19.2–187, a certificate of analysis is admissible to prove the truth of its contents without the appearance in court of the technician who conducted the analysis, provided that the Commonwealth strictly complies with several "specific safeguards" listed in the statute.[1] *See*

---

1. Code § 19.2–187 states in relevant part:

   In any hearing or trial of any criminal offense ... a certificate of analysis of a person performing an analysis or examination, performed in any laboratory operated by ... the Division of Forensic Science ... when such certificate is duly attested by such person, shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel.

*id.* at 337, 412 S.E.2d at 178. Included among the mandatory safeguards is the requirement that the certificate be "filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial." Code § 19.2–187. When the Commonwealth seeks to admit a certificate of analysis containing hearsay evidence, it has the burden of proving that the certificate satisfies the requirements of Code § 19.2–187, including the filing requirement. *See Neal v. Commonwealth,* 15 Va.App. 416, 420, 425 S.E.2d 521, 524 (1992) (stating that "[t]he party seeking to rely on an exception to the hearsay rule has the burden of establishing admissibility"). The date stamp on the certificate in this case is essential to proving the Commonwealth's claim that the certificate had been filed in accordance with Code § 19.2–187.

## B.

### AUTHENTICITY OF THE DATE STAMP

■ Appellant argues that even if the date stamp on the certificate falls within an exception to the hearsay rule, the trial court erred in admitting the date stamp because it was not authenticated. We agree.

■ "As a general rule, no writing may be admitted into evidence unless and until it has been 'authenticated,' i.e., until it has been shown to be genuine." *Proctor v. Commonwealth,* 14 Va.App. 937, 938, 419 S.E.2d 867, 868 (1992) (citation omitted).

---

The certificate of analysis of any examination conducted by the Division of Forensic Science relating to a controlled substance or marijuana shall be mailed or forwarded by personnel of the Division of Forensic Science to the attorney for the Commonwealth of the jurisdiction where such offense may be heard. The attorney for the Commonwealth shall acknowledge receipt of the certificate on forms provided by the laboratory.

Any such certificate of analysis purporting to be signed by any such person shall be admissible as evidence in such hearing or trial without proof of the seal or signature or of the official character of the person whose name is signed to it.

Before a "writing" may be introduced into evidence, the authentication requirement must be satisfied *in some manner.*

*   *   *   *   *   *

... [I]t is not always necessary that authentication be accomplished through the introduction of formal proof of authenticity.... [T]he authentication requirement is often altered or eliminated by statutes....

Charles E. Friend, *The Law of Evidence in Virginia* § 15–1 (4th ed.1993) (emphasis in original). Code § 8.01–389 has relaxed the authentication requirement for judicial records. Under Code § 8.01–389, a judicial record may be authenticated by the written certification of the clerk of the court holding the record. *See Owens v. Commonwealth,* 10 Va.App. 309, 311, 391 S.E.2d 605, 606–07 (1990) (holding that written attestation by court clerk that a document was a certified copy of a court record "was sufficient to 'authenticate and certify' the document within the meaning of Code § 8.01–389").

■ We hold that the trial court erred when it admitted the date stamp on the certificate because the Commonwealth failed to authenticate the stamp's genuineness. The date stamp appears on the certificate without any written certification by the clerk of the trial court as provided in Code § 8.01–389. In addition, no other evidence in the record established that the date stamp was genuine.[2] *See Carter v. Commonwealth,* 12 Va.App. 156, 158–59, 403 S.E.2d 360, 361–62 (1991) (holding among other things that a court clerk may testify

---

**2.** We have previously held that a postmark on an envelope is admissible to prove the date on which the postmark was affixed *without* evidence authenticating the postmark's genuineness. *See Hanson v. Commonwealth,* 14 Va.App. 173, 185, 416 S.E.2d 14, 21 (1992) (holding that a postmark is admissible "without having the testimony of the agent who affixed [it] or without an agent to verify how such marks are affixed in the normal course of business by the postal service"). As a rationale for our holding, we cited universal recognition of "the inherent trustworthiness and reliability of a postmark." *Id.* at 184, 416 S.E.2d at 20. Although a similar rationale might support a rule waiving the authentication requirement for the admission of date stamps affixed by the clerk's office of the court hearing a case, we are unable to extend the holding of *Hanson* to this situation. The rule announced in *Hanson* regarding postmarks was apparently made under the Court's power to amend the common-law rules of evidence to meet changing societal

regarding the identity of filing notations and "the mechanical procedures of his court in marking documents filed").

The Commonwealth argues that *Carter* applies to this case and that the uncertified date stamp by itself was sufficient to prove the certificate was filed more than seven days before appellant's trial. *See id.* at 158, 403 S.E.2d 360 (holding that a handwritten notation by a deputy clerk on the face of a certificate of analysis indicating the certificate was filed seven days before trial was sufficient to prove compliance with Code § 19.2–187). However, *Carter* is not applicable to this case because it concerned the *sufficiency* of a clerk's notation to prove compliance with Code § 19.2–187 and not the *admissibility* of an uncertified date stamp to prove the truth of its contents. Although *Carter* stands for the proposition that Code § 19.2–187 "does not prescribe the manner in which a clerk's office must mark [certificates of analysis]," it does not excuse the Commonwealth from its burden of offering admissible evidence proving that the certificate was timely filed.

## III.

### ADMISSIBILITY OF THE CERTIFICATE OF ANALYSIS

■ Because we conclude that the date stamp on the certificate was inadmissible, we also hold that the trial court erred when it admitted the certificate. Code § 19.2–187, with which the Commonwealth must strictly comply, states that a certificate of analysis containing hearsay statements is admissible to prove its contents only if, *inter alia*, the certificate is filed with the clerk of the trial court at least seven days prior to a defendant's trial. *See Gray v. Commonwealth,* 220 Va. 943, 944–46, 265 S.E.2d 705, 706 (1980) (holding that the Common-

---

needs. *See id.* at 185, 416 S.E.2d at 21 (recognizing that Virginia, unlike other states, has not adopted a set rules of evidence); *see also Williamson v. Old Brogue, Inc.,* 232 Va. 350, 353, 350 S.E.2d 621, 623 (1986) (stating that the common law "is adaptable to society's requirements at the time of its application by the Court"). However, unlike postmarks, for which no applicable statute existed when we decided *Hanson,* the General Assembly has enacted a statute specifically addressing the requirements for authenticating judicial records, which include date stamps affixed by a court clerk's office. Because the General Assembly has abrogated the common law rule of evidence on this subject, we are bound to apply Code § 8.01–389 as written. *See* Code § 1–10.

wealth failed to comply with Code § 19.2–187 when it filed the certificate of analysis with the clerk of the trial court *three* days prior to trial, even though it had provided a copy to defendant's counsel one month earlier). In the absence of the date stamp, no evidence in the record supports the trial court's finding that the certificate was timely filed pursuant to Code § 19.2–187.

The erroneous admission of the certificate mandates the reversal of appellant's convictions because the admission of a certificate of analysis in violation of Code § 19.2–187 is always deemed prejudicial. *See Woodward v. Commonwealth,* 16 Va.App. 672, 674, 432 S.E.2d 510, 512 (1993) (stating that "[p]rejudice to the defendant from a failure to comply [with Code § 19.2–187] need not be shown"). However, because the reversals are for "mere trial error, and not for evidentiary insufficiency," we will remand the case for further proceedings if the Commonwealth be so advised. *See Gray,* 220 Va. at 946, 265 S.E.2d at 706; *Allen v. Commonwealth,* 3 Va.App. 657, 664, 353 S.E.2d 162, 166 (1987).

For the foregoing reasons, we reverse the convictions of three counts of possessing cocaine with intent to distribute and remand for proceedings consistent with this opinion.

*Reversed and remanded.*

## UPON A PETITION FOR REHEARING EN BANC

### BEFORE THE FULL COURT

On September 9, 1997 came the appellee, by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on August 26, 1997, and grant a rehearing en banc thereof.

On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on August 26, 1997 is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.

The parties shall file briefs in compliance with Rule 5A:35. It is further ordered that the appellee shall file with the clerk of this Court ten additional copies of the appendix previously filed in this case.