COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Baker, Benton, Coleman,
          Willis, Elder, Bray, Annunziata, Overton and Bumgardner
Argued at Richmond, Virginia


CHANCE TAYLOR
                                        OPINION BY
v.   Record No. 0938-96-2      JUDGE ROSEMARIE ANNUNZIATA
                                        JULY 21, 1998
COMMONWEALTH OF VIRGINIA


                    UPON REHEARING EN BANC

         FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                 John F. Daffron, Jr., Judge

         Charles R. Watson for appellant.

         Leah A. Darron, Assistant Attorney General
         (Richard Cullen, Attorney General, on brief),
         for appellee.


     Chance Taylor (appellant) appeals his convictions of three

counts of possession of cocaine with intent to distribute.  He

contends the trial court erred (1) by admitting into evidence the

date stamp on a certificate of drug analysis apparently affixed

when the certificate was received by an employee of the trial

court's clerk's office, and (2) by admitting the certificate of

drug analysis itself in violation of Code § 19.2-187.  A panel of

this Court reversed the judgment of the trial court, holding that

the Commonwealth did not authenticate the date stamp.  Taylor v.

Commonwealth, 25 Va. App. 457, 463, 489 S.E.2d 250, 253 (1997).

Upon rehearing en banc, we affirm appellant's convictions.

## FACTS

Appellant was charged with three counts of possessing cocaine with intent to distribute and was tried on October 27, 1995. At trial, a narcotics detective testified that on three separate occasions he purchased a substance from appellant that appeared to be crack cocaine. After the detective testified, the Commonwealth's attorney offered a certificate of drug analysis (certificate) prepared by Anthony A. Burke, a forensic scientist with the Commonwealth's Division of Forensic Science. The certificate included Mr. Burke's written statement that a laboratory analysis of the items purchased from appellant established that they were cocaine. On the face of the certificate was an impression made by a mechanical date stamp that stated:

RECEIVED AND FILED

JUL 13 1995

CHESTERFIELD CIRCUIT

COURT

Other than the date stamp, the certificate contained no handwriting or other indicia that it was received by the clerk of the trial court prior to appellant's trial.

Appellant objected to the admission of the certificate on the ground that the Commonwealth failed to prove the certificate had been filed with the clerk of the trial court at least seven

days prior to trial as required by Code § 19.2-187. He objected to the admission of the date stamp on the certificate, contending that it was inadmissible to prove the certificate was timely filed because it had not been authenticated. The trial court overruled appellant's objection and received both the certificate and the date stamp into evidence. Appellant later renewed his objection to the certificate and date stamp in a motion to strike. The trial court overruled the motion and convicted appellant of all three charges.

During the sentencing phase of the proceeding, appellant moved the trial court to reconsider its ruling on his motion to strike. He argued that, in addition to the lack of evidence establishing the date stamp's authenticity, the date stamp on the certificate was inadmissible because it was hearsay and not within any exception to the hearsay rule. He argued that the inadmissibility of the date stamp rendered the certificate inadmissible because, without the date stamp, the Commonwealth had failed to prove that the certificate had been filed in accordance with Code § 19.2-187. The trial court overruled appellant's motion and sentenced him.

On appeal, appellant contends that the trial court erred when it admitted the date stamp on the certificate. He argues that the date stamp was inadmissible either because it was not authenticated or it was hearsay and not within an exception to the hearsay rule. We disagree and affirm appellant's

convictions.

## II.

### AUTHENTICATION OF THE DATE STAMP

Appellant initially contends the date stamp was inadmissible because it was not authenticated. "'As a general rule, no writing may be admitted into evidence unless and until it has been "authenticated" . . . .'" Proctor v. Commonwealth, 14 Va. App. 937, 938, 419 S.E.2d 867, 868 (1992) (quoting Charles E. Friend, The Law of Evidence in Virginia § 180 (3d ed. 1988)). Authentication is the "providing of an evidentiary basis sufficient for the trier of fact to conclude that the writing came from the source claimed." Walters v. Littleton, 223 Va. 446, 451, 290 S.E.2d 839, 842 (1982) (citing, inter alia, Bain v. Commonwealth, 215 Va. 89, 205 S.E.2d 641 (1974)); see also Proctor, 14 Va. App. at 938, 419 S.E.2d at 868 (describing authentication as showing a document to be genuine) (quoting Friend, supra, at § 180).

Appellant does not challenge the authentication of the certificate of analysis itself, but, rather, the authentication of the date stamp affixed to the certificate. Under Code § 19.2-187, a certificate of analysis is admissible to prove the truth of its contents without the appearance in court of the technician who conducted the analysis, provided the Commonwealth strictly complies with several "specific safeguards" listed in the statute. See Myrick v. Commonwealth, 13 Va. App. 333, 337, 412 S.E.2d 176, 178 (1991). Included among the mandatory

safeguards is the requirement that the certificate be "filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial."  Code § 19.2-187.  When the Commonwealth seeks to admit a certificate of analysis containing hearsay evidence, it has the burden of proving that the certificate satisfies the requirements of Code § 19.2-187, including the filing requirement.  See Neal v. Commonwealth, 15 Va. App. 416, 420, 425 S.E.2d 521, 524 (1992) (stating that "[t]he party seeking to rely on an exception to the hearsay rule has the burden of establishing admissibility").  The admissibility of the date stamp on the certificate in this case is, therefore, essential to proving the Commonwealth's claim that the certificate had been filed in accordance with Code § 19.2-187.

We hold that the trial court properly overruled appellant's objection to the admission of the certificate of analysis based on his claim that the date stamp was not properly authenticated.  In addressing the authenticity of the date stamp, the trial court acknowledged appellant's argument that "[t]here is no evidence to say that that's the proper stamp of the court or that, in fact, that's the kind of stamp the court uses."  The court ruled, however, that the date stamp "is an official stamp of the court and papers received in the court at the clerk's office."

"[T]he fact of judicial notice must appear from the record."

Sutherland v. Commonwealth, 6 Va. App. 378, 383, 368 S.E.2d 295, 298 (1988) (citing Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 809 (1975) (per curiam)). Although the court did not use the words "judicial notice," we find that the trial court's ruling indicates that it took judicial notice of the identity of the date stamp.

"Judicial notice permits a court to determine the existence of a fact without formal evidence tending to support that fact." Scafetta v. Arlington County, 13 Va. App. 646, 648, 414 S.E.2d 438, 439 (citing Friend, supra, at § 268), aff'd on reh'g, 14 Va. App. 834, 425 S.E.2d 807 (1992). A trial court may take judicial notice of those facts that are either (1) so "generally known" within the jurisdiction or (2) so "easily ascertainable" by reference to reliable sources that reasonably informed people in the community would not regard them as reasonably subject to dispute. Ryan v. Commonwealth, 219 Va. 439, 445, 247 S.E.2d 698, 703 (1978); see also 2 McCormick on Evidence § 328 (John William Strong ed., 4th ed. 1992); Friend, supra, at § 19-2.

"The taking of judicial notice is generally within the discretion of the trial court." Ryan, 219 Va. at 446, 247 S.E.2d at 703 (citing Randall v. Commonwealth, 183 Va. 182, 186, 31 S.E.2d 571, 572 (1944)). A trial court's discretion to take judicial notice of facts, however, is not without limits. A trial court may not take judicial notice of matters that are not otherwise judicially noticeable, merely because the judge happens

to have individual and extrajudicial knowledge of those matters. See Darnell v. Barker, 179 Va. 86, 93, 18 S.E.2d 271, 275 (1942).  In addition, regarding judicial records, a trial court "will not take judicial notice of its records, judgments and orders in other and different cases or proceedings, even though such cases or proceedings may be between the same parties and in relation to the same subject matter."  Fleming v. Anderson, 187 Va. 788, 794, 48 S.E.2d 269, 272 (1948).  The question before this Court is whether the trial court abused its discretion in taking judicial notice of the date stamp's authenticity.

We find no abuse of discretion in this case.  The trial court did not expressly state the ground on which it based its judicial notice of the identity of its official date stamp. Judicial notice of the identity of the official date stamp of a court's clerk's office is proper, however, because this fact is easily ascertainable by reference to a reliable source.  The actual date stamp utilized by a trial court's clerk's office is in such close proximity to a trial court that it can be easily inspected by the trial judge to verify its identity.  With a source of indisputable accuracy so readily accessible, a reasonably informed person would not have regarded the identity of the trial court's official date stamp as reasonably subject to dispute.

## II.

### ADMISSION OF THE DATE STAMP AS HEARSAY

Appellant also contends the date stamp was inadmissible hearsay.  "'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'"  Brown v. Commonwealth, 25 Va. App. 171, 181, 487 S.E.2d 248, 253 (1997) (en banc) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)) (addressing issue of whether out-of-court statement was offered for the truth of the matter asserted).  Of course, a trial court's discretion is not without limits.  See, e.g., Wright v. Commonwealth, 23 Va. App. 1, 8-9, 473 S.E.2d 707, 710 (1996) (en banc) ("Additionally, while a trial court generally has discretion in ruling on the admissibility of evidence, a trial court has no discretion to apply the doctrine of curative admissibility if the party seeking to invoke it intentionally failed to object to the inadmissible [hearsay] evidence in order to gain admission of otherwise inadmissible [hearsay] evidence." (citations omitted)).  "[A] trial court 'by definition abuses its discretion when it makes an error of law.'" Shooltz v. Shooltz, 27 Va. App. 255, 271, 498 S.E.2d 437, 441 (1998) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)).

"Hearsay is an out-of-court statement offered to prove the truth of the matter asserted." Garcia v. Commonwealth, 21 Va. App. 445, 450, 464 S.E.2d 563, 565 (1995) (en banc) (citing Tickel v. Commonwealth, 11 Va. App. 558, 564, 400 S.E.2d 534, 538 (1991)).  "'Hearsay evidence is testimony in court, or written

evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.'" Stevenson v. Commonwealth, 218 Va. 462, 465, 237 S.E.2d 779, 781 (1977) (quoting McCormick on Evidence § 246 (2d ed. 1972)).

The date stamp in this case was written evidence of the out-of-court statement made by an employee of the trial court's clerk's office that the document bearing the date stamp was filed with the clerk's office on the date indicated. The Commonwealth offered the date stamp to prove that the certificate of analysis had been received and filed in the Chesterfield Circuit Court on July 13, 1995. As such, the date stamp was hearsay because it was an out-of-court statement offered to prove the truth of the matter asserted. Nonetheless, we hold the trial court properly admitted the date stamp under the judicial records exception to the hearsay rule codified in Code § 8.01-389.

"'As a general rule, hearsay evidence is incompetent and inadmissible,' and '[t]he party seeking to rely upon an exception to the hearsay rule has the burden of establishing admissibility.'" Braxton v. Commonwealth, 26 Va. App. 176, 183-84, 493 S.E.2d 688, 691 (1997) (quoting Neal, 15 Va. App. at 420-21, 425 S.E.2d at 524). Generally, "authenticating a document -- that is, proving that it is genuine -- does not resolve other obstacles that may prevent the evidence from being

admissible.  The hearsay issue must be resolved independently
. . . ."  Hall v. Commonwealth, 15 Va. App. 170, 175, 421 S.E.2d
887, 890 (1992) (citation omitted).  In Virginia, the law of
hearsay is governed by both common law and statute.  See, e.g.,
Terry v. Commonwealth, 24 Va. App. 627, 633, 484 S.E.2d 614, 616
(1997) (explaining relationship between common law and statutory
"recent complaint" exceptions); see also Hanson v. Commonwealth,
14 Va. App. 173, 185, 416 S.E.2d 14, 21 (1992) (explaining that
Virginia has not adopted codified rules of evidence).

> Code Section 8.01-389(A) provides:
> The records of any judicial proceeding and
> any other official records of any court of
> this Commonwealth shall be received as prima
> facie evidence provided that such records are
> authenticated and certified by the clerk of
> the court where preserved to be a true
> record.

In the same way that "Code § 8.01-390 has codified the official
written documents exception [to the hearsay rule] recognized in
Virginia for documents or copies of documents that are properly
authenticated in accordance with its requirements," Ingram v.
Commonwealth, 1 Va. App. 335, 340, 338 S.E.2d 657, 659 (1986),
its companion statute Code § 8.01-389 "codifies as part of the
official records exception to the hearsay rule judicial 'records'
which are properly authenticated."  Dingus v. Commonwealth, 23
Va. App. 382, 392, 477 S.E.2d 303, 308 (1996) (Coleman, J.,
concurring in part and dissenting in part) (citing Owens v.
Commonwealth, 10 Va. App. 309, 311, 391 S.E.2d 605, 607 (1990)).

Although the language of Code § 8.01–389(A) requires that a judicial record be "authenticated and certified by the clerk of the court where preserved to be a true record" prior to its admission, it does not indicate that the formal introduction of evidence is the exclusive means by which this requirement can be satisfied.  In Owens, 10 Va. App. at 311, 391 S.E.2d at 607 (citations omitted), we addressed the meaning of this requirement:

> For purposes of this Code section the terms "authenticated" and "certified" are basically synonymous and we are unwilling to place undue significance on the fact they are used in the conjunctive in the statute. Authentication is merely the process of showing that a document is genuine and that it is what its proponent claims it to be.  As we noted in Ingram v. Commonwealth, 1 Va. App. 335, 338 S.E.2d 657 (1986), "[t]he underlying rationale which justifies admitting facts contained in official records as an exception to the hearsay rule is that the concern for reliability is largely obviated because the nature and source of the evidence enhance the prospect of its trustworthiness."

The principles we articulated in Owens are applicable here.  Because the trial court took judicial notice that the date stamp was genuine and was what its proponent claimed it to be, the date stamp was authenticated within the meaning of Code § 8.01–389(A).  The policy basis for the judicial records exception codified in Code § 8.01–389(A) was satisfied because the identity of the date stamp was so easily ascertainable by reference to reliable sources that reasonably informed people in the community would

not regard it as reasonably subject to dispute.  We therefore hold that the date stamp was sufficiently "authenticated and certified" to satisfy the requirements of the statute.[1]  Because the date stamp met the authentication requirement of the statute, it fell within the judicial records exception to the hearsay rule, and "shall be received as prima facie evidence."  Code § 8.01-389; cf. Ingram, 1 Va. App. at 340, 338 S.E.2d at 659 (explaining that Code § 8.01-389 codifies the official records exception to the hearsay rule).

In summary, we hold that a court may take judicial notice of the identity of the date stamp employed by its clerk because the information is easily ascertainable through reference to the actual date stamp.  We also hold that the trial court's judicial notice of the authenticity of the date stamp satisfies the authentication requirement of Code § 8.01-389 and that therefore the court did not err in admitting the date stamp as a judicial record.  Once properly admitted, the date stamp provided evidence that the certificate of analysis was filed with the court at least seven days in advance of trial.  Code § 19.2-187.  Therefore, we find that the certificate of analysis was properly admitted into evidence and affirm appellant's convictions.

Affirmed.

---

[1]By so holding, we express no opinion on means of authentication other than judicial notice or certification by the clerk of the court.

Benton, J., with whom Elder, J., joins, dissenting.

At trial, the Commonwealth sought to admit a certificate of analysis pursuant to Code § 19.2-187.  In pertinent part, that statute reads as follows:

> In any hearing or trial of any criminal offense . . . , a certificate of analysis of a person performing an analysis . . . performed in any laboratory operated by the . . . the Division of Forensic Science when . . . such certificate is duly attested by such person, shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided . . . the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial . . . .
>
> \*       \*       \*       \*       \*       \*       \*
>
> Any such certificate of analysis purporting to be signed by any such person shall be admissible as evidence in such hearing or trial without any proof of the seal or signature or of the official character of the person whose name is signed to it.

Code § 19.2-187.  Because "[t]he statute deals with criminal matters, and it undertakes to make admissible evidence which otherwise might be subject to a valid hearsay objection," the filing requirement in the statute must be "construed strictly against the Commonwealth and in favor of the accused."  Gray v. Commonwealth, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980).

## I.

The Commonwealth sought to prove the filing requirement by offering as evidence the following legend made by a stamp on the

-14-

face of the certificate:

                    RECEIVED AND FILED
                        JUL 13 1995
                   CHESTERFIELD CIRCUIT
                           COURT


No evidence proved that the stamp was the official stamp of the Chesterfield Circuit Court Clerk's Office.  No evidence proved who affixed the legend.  No employee of the clerk's office certified or authenticated the legend by writing or testimony.

"All writings are subject to the requirement of authentication, which is the providing of an evidentiary basis sufficient for the trier of fact to conclude that the writing came from the source claimed."  Walters v. Littleton, 223 Va. 446, 451, 290 S.E.2d 839, 842 (1982).  "'As a general rule, no writing may be admitted into evidence unless and until it has been 'authenticated,' i.e., until it has been shown to be genuine.'"  Proctor v. Commonwealth, 14 Va. App. 937, 938, 419 S.E.2d 867, 868 (1992) (citation omitted).  See also 2 McCormick on Evidence § 218 (4th ed. 1992).  However, "authenticating a document . . . does not resolve other obstacles that may prevent the evidence from being admissible."  Hall v. Commonwealth, 15 Va. App. 170, 175, 421 S.E.2d 887, 890 (1992).  Authentication is "a separate and distinct evidentiary problem."  Walters, 223 Va. at 451, 290 S.E.2d at 842.  Because authentication only establishes the genuineness of the item, mere proof of authenticity does not necessarily resolve the question of admissibility.  See 2 McCormick on Evidence § 218, at 36.

-15-

The majority concludes that the trial judge judicially noticed that the legend on the certificate was "an official stamp."[2] The record contains no indication, however, that the trial judge actually judicially noticed that the legend on the certificate was the "official stamp" of the clerk's office. Our decisions specifically state that "the fact of judicial notice must appear from the record." Sutherland v. Commonwealth, 6 Va. App. 378, 383, 368 S.E.2d 295, 298 (1988). When the issue was raised at trial, the trial judge merely noted that "the question . . . becomes whether or not that stamp is sufficient without a personal identification of the clerk." The judge then ruled that the fact of the legend on the certificate, without more, was sufficient to authenticate it.

Although no name or title is ascribed to the legend, the majority concludes that the trial judge could infer from the presence of the legend that it was genuine and affixed by some official of the clerk's office. In short, the majority holds that the mere presence of the legend, without signature, sufficiently authenticates the document. The majority holds that

[2]The Commonwealth did not address the issue of judicial notice in either its brief or oral argument during the original appellate hearing in this case. Instead, the Commonwealth's sole argument was that the evidence was sufficient to prove that the certificate of analysis was filed seven days before appellant's trial in accordance with Code § 19.2-187. Only after the original panel decision held that the evidence was insufficient did the Commonwealth raise for the first time its argument that "the trial court was entitled to -- and effectively did in this case -- take judicial notice of the documents in its own court file."

appearance alone suffices to authenticate the item.  However, in Carroll v. Commonwealth, 10 Va. App. 686, 396 S.E.2d 137 (1990), we held that a document purporting to be from the clerk's office was not properly authenticated, where the person purporting to sign the document on behalf of the clerk was not identified and was not shown to be authorized by law to act.  See id. at 691, 396 S.E.2d at 140.

The issue in this case is whether it is appropriate to infer from the presence of a purported official legend that the legend is genuine and was affixed by an official in the clerk's office.  See 7 Wigmore, Evidence § 2162, at 783 (Chadbourn rev. 1974) (stating that these elements "are distinct . . . for it might be [the clerk's] impression and yet another person might have affixed it").  See also 3 Spencer S. Gard, Jones on Evidence § 17:17, at 274 (6th ed. 1972) (stating that authentication requires proof of execution as well as proof of the "source from which [the writing] was derived"); 2 McCormick on Evidence § 218, at 36 (stating that authentication requires "proof of authorship of, or other connection with, writings").  Thus, whether the legend was authentic depends upon whether (1) the legend was the official mark of the circuit court clerk's office and (2) whether it was affixed by the clerk or someone authorized to act on the clerk's behalf.  Even if the trial judge could have taken judicial notice of the fact that the legend was the "official stamp" of the clerk's office, he did not and could not take

judicial notice of the fact that the legend on the certificate of analysis was genuinely affixed by the clerk or someone "authorized by law to act in place of the clerk." Carroll, 10 Va. App. at 691, 386 S.E.2d at 140.

The determination of who affixed the legend would not be a fact subject to judicial notice as a matter that is "generally known" or "easily ascertainable." Doe v. Doe, 222 Va. 736, 746, 284 S.E.2d 799, 805 (1981). While "[i]t is conceivable that a court might judicially know what the design of a certain public [stamp] was, . . . this would not of itself enable the judge to declare that the specific impression offered in court was genuine or forged." 7 Wigmore, supra, § 2161, at 784. This is so because "the principle of judicial notice, i.e., of assuming the truth of an allegation without any evidence, rests on the conceded notoriety of the fact alleged, as being too well known to need evidence; obviously, this can never be the case with the specific act of executing a particular document." Id.

No evidence in the record proved that the legend was affixed by an official of the clerk's office. Because the legend contains no signature, initials, or any other indication of who affixed it, the trial judge had no evidence from which he could find that the legend was affixed by the clerk or someone "authorized to act in place of the clerk." Carroll, 10 Va. App. at 691, 386 S.E.2d at 140.

Authentication may be accomplished by testimony of a

competent witness with knowledge.  See Jackson v. Commonwealth, 13 Va. App. 599, 602, 413 S.E.2d 662, 665 (1992).  Authentication may also be accomplished by the fixing of the signature or seal of office of the clerk.  See 7 Wigmore, supra, § 2131, at 714.  Neither was done.  The filing requirement of Code § 19.2-187 pertaining to the certificate of analysis must be "strictly construed against the Commonwealth and in favor of the accused."  Gray, 220 Va. at 945, 265 S.E.2d at 706.  Thus, on this evidence, I would hold that the Commonwealth failed to authenticate the legend because the trial judge had no "evidentiary basis sufficient . . . to conclude that the [legend] came from the source claimed."  Walters, 223 Va. at 451, 290 S.E.2d at 842.  Accordingly, no evidence proved that the certificate of analysis was filed in the clerk's office pursuant to the requirements of Code § 19.2-187.

## II.

Although the failure to authenticate the legend is dispositive, I address the majority's discussion of the hearsay issue because I believe it is also flawed.  The majority holds that the trial judge properly admitted the legend on the certificate under the provisions of Code § 8.01-389.  That statutory exception to the hearsay rule provides, in pertinent part, as follows:

> The records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as prima facie evidence provided that such records are authenticated and certified by the clerk of

–19–

> the court where preserved to be a true
> record.

Code § 8.01-389(A) (emphasis added).  For the reasons I have previously stated, the Commonwealth failed to authenticate the legend.  However, even assuming, as the majority asserts, that the legend was authenticated, that fact is not sufficient to render the document admissible under Code § 8.01-389(A).  To be admissible, the legend must be "authenticated <u>and</u> certified by the clerk of the court where preserved to be a true record."  Code § 8.01-389(A) (emphasis added).  The record in this case contains no evidence that the clerk of the court where the document was required to be lodged "certified" that the legend on the document was true.  The majority relies, however, upon <u>Owens v. Commonwealth</u>, 10 Va. App. 309, 391 S.E.2d 605 (1990), to hold that certification was not required because authentication was sufficient.  I believe, first, the majority reads <u>Owens</u> too broadly and, second, if <u>Owens</u> is properly interpreted by the majority, the decision in <u>Owens</u> is plainly wrong and should be reversed.

In Code § 8.01-389(A), the legislature statutorily adopted the common law requirement that "records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as <u>prima</u> <u>facie</u> evidence provided that such records are authenticated and certified by the clerk of the court where preserved to be a true record."  Code § 8.01-389(A).  <u>See</u> 5 Wigmore, <u>Evidence</u>, § 1680-1681a, at 912-13,

-20-

919-21 (Chadbourn rev. 1974). The statute does not adopt a principle of certification by authentication; it requires authentication _and_ certification. The clear language of the statute uses authentication and certification conjunctively. Both conditions must be present before the document can be admitted, and the proponent of the document bears the burden of proving both conditions exist.

In _Owens_, the "order was stamped 'A COPY, TESTE: WILLIAM T. RYAN, CLERK' and undersigned by the deputy clerk." 10 Va. App. at 311, 391 S.E.2d at 606. That document contained the clerk's statement that the document was a true copy, an attestation by the clerk, and the signature of the deputy clerk attesting to the clerk's certification. Thus, the facts proved the document was both "authenticated and certified by the clerk of the court." Code § 8.01-389(A). Indeed, the _Owens_ court noted that those facts were "sufficient to 'authenticate and certify' the document within the meaning of Code § 8.01-389." 10 Va. App. at 311, 391 S.E.2d at 606.

In _Owens_, and now in this case, the Court reads out of the statute the clear legislative mandate that both authentication and certification are required before the record is admitted. Those terms were not synonymous under the common law, and we have no indication that the legislature intended them to be synonymous when adopting Code § 8.01-389(A). _See also_ 5 Wigmore, _supra_, § 1679, at 877 ("It was natural, when declaring certified copies

admissible, [for legislatures] to provide in the same place for a definite mode of authenticating them; and hence the two sets of rules -- the admissibility of certified copies, and the proper modes of authenticating such copies -- are customarily provided for at the same time by the same statutory act."). Obviously, "[w]hen the official custodian certifies a copy to be used in evidence, and such a copy is admissible under the hearsay exception . . . , the certificate also testifies, expressly or by implication, to the genuineness of the original in his custody from which the copy is made." 7 Wigmore, supra, § 2158, at 772. To be admissible under Code § 8.01-389(A), however, the record must be both certified and authenticated. If Owens is read in this light, despite its statement that "the terms 'authenticated' and 'certified' are basically synonymous," 10 Va. App. at 311, 391 S.E.2d at 607, it clearly does not support the majority's holding in this case.

Authentication addresses the genuineness of a document. Thus, authentication ensures that a document is what it purports to be. For example, under the common law, the act of a public official fixing the seal of that official's office to a document was a means of authentication.

Certification, however, involves "a written assurance, or official representation, that some act has or has not been done, or that some event occurred, or some legal formality has been complied with." Black's Law Dictionary 225 (6th ed. 1990). When

-22-

a person certifies a document, he or she is attesting to the fact that what is contained in the document is true.  Thus, a "'certificate' by a public officer is a statement . . . which is by law made evidence of the truth of the facts stated for all or for certain purposes."  Id.[3]  Here, if the clerk had certified the legend on the certificate of analysis, he or she would have been representing that the facts contained in the legend -- the date the certificate of analysis was filed and the office in which it was filed -- were true.  Because the legend on the certificate of analysis appears without any certification by the clerk, no evidence proved that the certificate of analysis was filed in the clerk's office on that date.

In Carroll, we reversed the trial judge's decision to admit a document with the following legend:

```
            A COPY TESTE:
              WALTON F. MITCHELL, JR., CLERK
              CRAIG COUNTY CIRCUIT COURT
              BY /s/ Peggy B. Elmore
                 /s/ Peggy B. Elmore
```

Id. at 689, 396 S.E.2d at 139.  We held that the document had not been authenticated and certified as required by Code § 8.01-389(A).  Id. at 691, 396 S.E.2d at 140.  We reasoned as

---

[3]Certification may often encompass authentication.  See 18 U.S.C.A. § 3506 (certification by a custodian that certain facts are true "shall authenticate" a record of a regularly conducted activity); Uniform Rule of Evidence 902(11) (if a custodian certifies, or declares under oath, that certain facts are true, a record of a regularly conducted activity is self-authenticating); 7 Wigmore, supra, § 2158, at 772 (certification of a copy also testifies to authenticity of original).  However, authentication does not encompass certification.

follows:

> [T]he deficiency in the certificate arises with the signature.  The document was not "certified and authenticated" by the clerk but by Peggy B. Elmore.  Neither the document itself nor any other evidence in the record establishes that Peggy B. Elmore is authorized by law to act in the place of the clerk.  The order does not state that she is a deputy clerk, nor does it contain initials or other indicia to demonstrate that she is a deputy clerk.  No evidence was presented to the trial court as to who Peggy B. Elmore is or whether she is authorized to act in place of the clerk.

Id. at 691, 396 S.E.2d at 140.

Without the clerk's certification and authentication in this case, the trial judge lacked assurance that the certificate of analysis was not placed in the clerk's file by a third person and at a time different than proported on the legend.

For these reasons, I would reverse the convictions and remand for a new trial.