COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Beales and Decker
Argued at Salem, Virginia

SHIRONG WU WIGLEY

MEMORANDUM OPINION[*] BY
v.      Record No. 0009-18-3      JUDGE RANDOLPH A. BEALES
OCTOBER 30, 2018
RICHARD ALAN WIGLEY

FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
Clyde H. Perdue, Jr., Judge

Shirong Wu Wigley, *pro se*.

Ward L. Armstrong for appellee.

Shirong Wu Wigley ("wife") appeals from a final decree of divorce from the Circuit

Court of Franklin County granting a divorce to Richard Alan Wigley ("husband") and resolving

issues of spousal support and equitable distribution. On appeal, she argues that the trial court

erred in failing to award her additional spousal support, in failing to award her additional

property in equitable distribution, and in failing to order husband to prepay her attorney's fees in

order to allow her to retain counsel for the litigation.[1]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Wife's native language is Mandarin Chinese, and she acted *pro se* before the trial court
and in this appeal. An interpreter was physically present at oral argument before this Court in
order to facilitate the arguments. We paraphrase and address wife's assignments of error to the
best of our ability. Wife's verbatim assignments of error state:

    1.  First, the trial court was wrong to refuse spousal support
        according to I-864 affidavit -- a finance contract.

    2.  Second, it grant husband so calls equitable distribution marital
        assets, the distribution without an evidence support and base on

I. BACKGROUND

On appeal, we are required to view the facts in the light most favorable to husband because he was the prevailing party before the trial court. See Wright v. Wright, 61 Va. App. 432, 451, 737 S.E.2d 519, 528 (2013). The case before us contains no transcripts of the proceedings below. Therefore, our review is limited to the court-approved written statement of facts in lieu of a transcript (the "statement of facts" [2]) and "other incidents of the case." [3] Rule 5A:8; see also Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) ("An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record.").

So viewed, the evidence shows that husband met wife, a citizen of China, over the internet in 2011. They developed an online relationship. Husband then also made two trips to China to visit wife. In the spring of 2012, husband invited wife and her teenage daughter to the

---

husband' perjury, hides marital assets, ignored wife's motion to discovery.

3. Finally, the trial court also erred in ignoring wife's motion for attorney's fee, husband control all marital property, wife live depended can not afford an attorney, her English limited, can not protect her right in the best way, or the appeal would not happen.

[2] Wife filed a written statement of facts in lieu of a transcript on February 6, 2018. Husband objected to wife's written statement. The trial judge then signed and filed a corrected written statement of facts. It is this corrected written statement of facts in lieu of a transcript upon which we rely in this appeal. See Rule 5A:8.

[3] "Other incidents of the case" includes "motions, proffers, objections, and rulings of the trial court regarding any issue that a party intends to assign as error or otherwise address on appeal." Rule 5A:8(c).

United States, and they then came to America and moved into husband's home in Franklin County. Husband and wife married on August 15, 2012.[4]

Shortly after getting married, the couple began having problems. Within a few weeks, wife moved out of the marital bedroom and into an upstairs bedroom with her daughter. From that point forward, husband and wife had little contact. They did not share meals, wife generally stayed upstairs, and "[w]hat little communication the two had were usually arguments."

On July 5, 2017, husband filed a complaint seeking a divorce on the grounds that the couple had been separated for more than one year. He also sought equitable distribution. In addition, husband appealed to the circuit court a May 17, 2017 order from the Juvenile and Domestic Relations District Court of Franklin County ("J&DR court") awarding wife spousal support in the amount of $580.02 per month for thirty-six months. However, husband moved to withdraw the appeal before the entry of the final decree of divorce, and his motion was granted by the circuit court.

On September 21, 2017, husband and wife appeared before the circuit court for an *ore tenus* hearing.[5] An English to Mandarin Chinese translator was present via telephone and translated for the benefit of wife at the September hearing (and at each subsequent hearing). Husband testified that during the marriage, he worked as a park ranger with the U.S. Army Corps of Engineers and that wife did not work before the separation. Husband testified that he owned two parcels of real property – the marital residence and a parcel of property in Pennsylvania. Husband testified, and wife did not dispute, that both properties were acquired prior to the

---

[4] The court-approved statement of facts states that the parties wed on August 12, 2012, but the court's final order states that they married on August 15, 2012.

[5] The statement of facts states that this first hearing occurred on September 5, 2017. However, the final divorce decree states that it occurred on September 21, 2017.

- 3 -

marriage. As noted in the statement of facts, husband "also testified that virtually all of his tangible personal property, including a 1998 Mercedes Benz automobile, were acquired prior to marriage." However, husband stated that he wanted wife to be awarded the Mercedes. He also testified that he purchased a 2016 Toyota Tacoma truck during the marriage using his separate funds and a loan taken out solely in his name.

Husband provided testimony regarding a thrift savings deferred compensation retirement account from his job with the U.S. Army Corps of Engineers where he had worked for over twenty-five years. He argued this retirement account should be awarded to him in its entirety because, although he contributed money into the account during the marriage and the account accrued interest during this time, the marriage was short and wife did not contribute to the marriage.

According to the statement of facts, wife "did not dispute that all of the real property and virtually all of the tangible personal property identified by husband was acquired prior to marriage." Wife did testify that the Mercedes needed repairs, that there were books in the marital residence that she had acquired before the marriage, and that she should be awarded a queen-sized bed and three dressers that she claimed were acquired during the marriage.

Wife's testimony focused on the inadequacy of the spousal support award from the J&DR court. She testified that she was employed on the date of the hearing, but she refused to disclose the name of her employer or the amount of her income. Per the court-approved statement of facts, "[s]he presented no evidence of her living expenses or why the amount of spousal support awarded by the district court should be increased." On cross-examination, husband's counsel tried to elicit this information from her, but wife "answered many questions with the response, 'It's none of your business.'"

At the conclusion of the hearing, the trial court instructed husband's counsel to prepare a proposed final decree of divorce ("divorce decree") for the trial court's consideration.  Upon receiving the proposed divorce decree, wife filed a pleading that the trial court deemed to be an objection to husband's proposed divorce decree.  She also filed a "second answer," in which she claimed that she should receive additional spousal support from husband, and a motion for attorney's fees.

On October 25, 2017, the trial court held another hearing to address wife's objections to the divorce decree.  At the hearing, the trial court granted wife's request for an additional hearing to give her another opportunity to present evidence.  The trial judge specifically advised wife that "she needed to be present on [the date of the hearing] and be prepared to offer whatever witnesses and additional evidence she desired for the Court to consider regarding the divorce and equitable distribution."  The trial judge also advised wife "that her interests would best be served if she retained an attorney to represent her."  Wife then requested that the trial court order husband to prepay her attorney's fees to allow her to retain counsel.  The trial court denied that request.

The trial court held a third hearing on November 21, 2017.  While wife again argued that her spousal support was insufficient, she "did not present any evidence as to her earnings or expenses."  Wife testified that husband was required to support her based on a Form I-864 affidavit – an immigration form in which a "sponsor agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable."  8 U.S.C.S. § 1183a.  The statement of facts expressly states that "wife did not offer such agreement into evidence."  In response to wife's argument on the Form I-864, husband provided the trial court with a letter from the

- 5 -

United States Citizenship and Immigration Services indicating that wife had entered into the marriage with husband in order to evade immigration laws.

Following the hearing, wife filed a pleading entitled "Strongly Oppose Petitioner's Final Decree" to which she attached statements from husband's deferred compensation retirement account, three pieces of paper that wife claimed were Form I-864, and other miscellaneous documents. The trial court did not accept these documents into evidence because wife did not actually move to have them admitted into evidence at any of the proceedings, and husband had no opportunity to inspect them or challenge their authenticity or introduction.

On December 15, 2017, the trial court entered a final divorce decree granting husband a divorce. The divorce decree granted husband the real property, finding that husband had acquired it prior to the marriage and finding that wife did not contribute so as to increase the value of the real property. It awarded wife the books she acquired prior to the marriage and ordered the parties to divide equally the three dressers and the queen bed, which it found were marital property. It awarded husband the remainder of the tangible personal property, including the truck, because it was purchased prior to the marriage or acquired with his separate funds. Although the trial court found that the Mercedes was husband's separate property, it awarded the vehicle to wife based on husband's statement that he desired her to have it. With respect to husband's retirement account, although some of the funds in the account were deposited during the marriage, the trial court awarded the entirety of the account to husband. "The Court reasoned that the short duration of the marriage, the relative economic and non-economic contributions of the parties and other factors set forth in Va. Code § 20-107.3(E) did not justify" awarding any of the marital portion of the deferred compensation retirement account to wife. On wife's claim that she should be granted additional spousal support, the trial court found that "wife failed to present any financial evidence of earnings and expenses that would justify an additional award of

spousal support." The trial court did not disturb the J&DR court's award of spousal support to wife. Wife now appeals the circuit court's decision to this Court.

## II. ANALYSIS

### A. Spousal Support

"Whether and how much spousal support will be awarded is a matter of discretion for the trial court." Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002) (quoting Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998)). "A trial court's decision 'on this subject will not be reversed "unless there has been a clear abuse of discretion."'" Brandau v. Brandau, 52 Va. App. 632, 641, 666 S.E.2d 532, 537 (2008) (quoting Congdon v. Congdon, 40 Va. App. 258, 262, 578 S.E.2d 833, 836 (2003)). "When dealing with discretionary decisions, only 'when reasonable jurists could not differ can we say an abuse of discretion has occurred.'" Id. (quoting Robbins v. Robbins, 48 Va. App. 466, 482, 632 S.E.2d 615, 623 (2006)).

Wife argues that husband owes her additional spousal support based on the Form I-864. However, the trial court could not determine whether the form created an obligation on husband because it was not admitted into evidence.[6] Wife submitted what appears to be select pages from what may be Form I-864 in her motion entitled "Strongly Oppose Petitioner's Final Decree" following the last *ore tenus* hearing. However, the trial court did not consider its submission as part of the evidence of the case because "husband had no opportunity to inspect the document[],

---

[6] At oral argument before this Court, wife stated that Form I-864 was entered into evidence. In response, husband's counsel stated that wife may have *shown* the document to the trial judge, but did not move for it to be admitted into evidence. In a trial court, a party (even a *pro se* party) is responsible for presenting exhibits to the court in a way that the exhibit can be formally admitted into evidence. Simply showing the document to the judge is insufficient. In this case, it appears wife never moved for the document to be admitted into evidence because the statement of facts expressly states that it was not admitted into evidence.

challenge [its] authenticity or object to [its] introduction." See Proctor v. Commonwealth, 14 Va. App. 937, 938, 419 S.E.2d 867, 868 (1992) ("As a general rule, no writing may be admitted into evidence unless and until it has been "authenticated," i.e., until it has been shown to be genuine." (quoting Charles E. Friend, The Law of Evidence in Virginia § 180 (3d ed. 1988))). Even assuming the three pages attached to wife's motion are actually pages from Form I-864, we find no error in the trial court's refusal to award wife additional spousal support because the pages were never actually admitted into evidence.[7]

### B. Equitable Distribution

"In reviewing an equitable distribution award on appeal, we have recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Klein v. Klein, 11 Va. App. 155, 161, 396 S.E.2d 866, 870 (1990). "Accordingly, 'decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence.'" Wright, 61 Va. App. at 450, 737 S.E.2d at 527 (quoting McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994)).

Wife appears to argue that the trial court erred with respect to the equitable distribution because the division of property was uneven. She contends that both of the vehicles were purchased during the marriage and that it was an error for the trial court to award the truck to husband and the Mercedes – which is in need of repairs – to her. Wife argues husband should be required to pay for the repairs to the Mercedes. She also argues that she should have been awarded some or all of husband's deferred compensation retirement account because it increased during the marriage.

---

[7] Wife's assignment of error regarding spousal support is limited to the trial court's failure to award additional spousal support based on Form I-864. Therefore, this is the only argument we consider related to spousal support on appeal. See Rule 5A:20.

Finally, she argues that she contributed to the marriage because she "work[ed] on the marital house and land when she stayed in the marital house."

This Court is limited in its review by the record before it on appeal. See Smith, 16 Va. App. at 635, 432 S.E.2d at 6. The trial court found that the truck and the Mercedes were obtained with husband's separate funds. The record contains no evidence from which we can conclude that this finding was plainly wrong. Furthermore, given the trial court's finding that the Mercedes was actually husband's separate property and that it was awarded to wife solely because husband agreed that it could be awarded to wife, no evidence supports wife's argument that husband should have been ordered to pay for repairs to the vehicle.

Wife generally contends that she was entitled to more property than she received in the equitable distribution. She specifically contends that she should be awarded some of husband's retirement account because it increased during the marriage. The trial court considered awarding wife part of the marital portion of the retirement account. However, it "reasoned that the short duration of the marriage, the relative economic and non-economic contributions of the parties and other factors set forth in Va. Code § 20-107.3(E) did not justify the award." There is no presumption that the division of marital property be equal. See Gamble v. Gamble, 14 Va. App. 558, 573, 421 S.E.2d 635, 644 (1992) ("Code § 20-107.3 contains no presumption favoring equal division of marital property."). Viewing the evidence on appeal in the light most favorable to husband, as we must because he prevailed below in the trial court, the evidence establishes that wife contributed little economically or non-economically to the household and that she essentially ceased cohabiting with husband just a few weeks after the marriage occurred. In light of these facts, we find that the trial court's decision was not plainly wrong or unsupported by the evidence.

It also appears that wife assigns error to the trial court's failure to grant her December 13, 2017 motion to compel husband to respond to discovery requests that she filed on November 14, 2017. Because the motion to compel was filed after the final *ore tenus* hearing in this matter, we find no error.

## C. Attorney's Fees

In her final assignment of error, wife contends that the trial court erred in declining to order husband to prepay her attorney's fees in order for her to retain an attorney to represent her in the lawsuit. "An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987) (citing Ingram v. Ingram, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976)). "[T]he key to a proper award of counsel fees . . . [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). Before the trial court, wife "presented no evidence of her living expenses." Although she testified that she was employed, "she refused to disclose the identity of her employer or how much she was being paid," and she "did not present any evidence as to her earnings or expenses." When husband's counsel attempted to obtain this information from her on cross-examination, according to the court-approved statement of facts, wife "became belligerent with the Court and opposing counsel" and she "answered many questions with the response, 'It's none of you[r] business.'" The evidence before the trial court also showed that wife was receiving $580.02 per month in spousal support at the time of the hearing. Given the absence of actual evidence illustrating wife's need for attorney's fees, it was hardly an abuse of discretion for the trial court to deny her motion to prepay her attorney's fees during the pendency of the suit so that she could hire an attorney.

III. CONCLUSION

On appeal, this Court is constrained by the record before us and the standard of review through which we must view wife's arguments. The trial court found that wife, with the benefit of the interpreter, "was able to understand and comprehend all of the proceedings." Although wife acted *pro se*, and the record reveals that the trial court made significant procedural allowances for her, she "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987).

Despite the fact that the trial court held three hearings, wife never moved the trial court to enter Form I-864 into the record. This prevented the trial court from determining whether the form could provide a basis to award wife additional spousal support. We also cannot say that the trial court's division of the marital property was error. The record before us shows that wife did not actually present evidence to dispute husband's evidence that most of the tangible personal property was his separate property. The record also shows that she failed to present evidence to the trial court to prove that she contributed to the marriage such that we could find that the trial court erred in not awarding her any of husband's deferred compensation retirement account. Finally, the trial court did not abuse its discretion by denying wife's motion for prepayment of her attorney's fees because the record shows that wife did not present evidence of her income or expenses. This failure to do so precluded the trial court from actually determining wife's need for husband to pay her attorney's fees during the suit. For all of these reasons, we affirm the judgment of the circuit court.

Affirmed.