ANNUNZIATA, Judge.
Chance Taylor (appellant) appeals his convictions of three counts of possession of cocaine with intent to distribute. He contends the trial court erred (1) by admitting into evidence the date stamp on a certificate of drug analysis apparently affixed when the certificate was received by an employee of the trial court’s clerk’s office, and (2) by admitting the certificate of drug analysis itself in violation of Code § 19.2-187. A panel of this Court reversed the judgment of the trial court, holding that the Commonwealth did not authenticate the date stamp. Taylor v. Commonwealth, 25 Va.App. 457, 463, 489 S.E.2d 250, 253 (1997). Upon rehearing en banc, we affirm appellant’s convictions.
I.
FACTS
Appellant was charged with three counts of possessing cocaine with intent to distribute and was tried on October 27, 1995. At trial, a narcotics detective testified that on three separate occasions he purchased a substance from appellant that appeared to be crack cocaine. After the detective testified, the Commonwealth’s attorney offered a certificate of drug analysis (certificate) prepared by Anthony A. Burke, a forensic scientist with the Commonwealth’s Division of Foren *5 sic Science. The certificate included Mr. Burke’s written statement that a laboratory analysis of the items purchased from appellant established that they were cocaine. On the face of the certificate was an impression made by a mechanical date stamp that stated:
RECEIVED AND FILED
JUL 13 1995
CHESTERFIELD CIRCUIT
COURT
Other than the date stamp, the certificate contained no handwriting or other indicia that it was received by the clerk of the trial court prior to appellant’s trial.
Appellant objected to the admission of the certificate on the ground that the Commonwealth failed to prove the certificate had been filed with the clerk of the trial court at least seven days prior to trial as required by Code § 19.2-187. He objected to the admission of the date stamp on the certificate, contending that it was inadmissible to prove the certificate was timely filed because it had not been authenticated. The trial court overruled appellant’s objection and received both the certificate and the date stamp into evidence. Appellant later renewed his objection to the certificate and date stamp in a motion to strike. The trial court overruled the motion and convicted appellant of all three charges.
During the sentencing phase of the proceeding, appellant moved the trial court to reconsider its ruling on his motion to strike. He argued that, in addition to the lack of evidence establishing the date stamp’s authenticity, the date stamp on the certificate was inadmissible because it was hearsay and not within any exception to the hearsay rule. He argued that the inadmissibility of the date stamp rendered the certificate inadmissible because, without the date stamp, the Commonwealth had failed to prove that the certificate had been filed in *6 accordance with Code § 19.2-187. The trial court overruled appellant’s motion and sentenced him.
On appeal, appellant contends that the trial court erred when it admitted the date stamp on the certificate. He argues that the date stamp was inadmissible either because it was not authenticated or it was hearsay and not within an exception to the hearsay rule. We disagree and affirm appellant’s convictions.
II.
AUTHENTICATION OF THE DATE STAMP
Appellant initially contends the date stamp was inadmissible because it was not authenticated. “ ‘As a general rule, no writing may be admitted into evidence unless and until it has been “authenticated”....’” Proctor v. Commonwealth, 14 Va.App. 937, 938, 419 S.E.2d 867, 868 (1992) (quoting Charles E. Friend, The Law of Evidence in Virginia § 180 (3d ed.1988)). Authentication is the “providing of an evidentiary basis sufficient for the trier of fact to conclude that the writing came from the source claimed.” Walters v. Littleton, 223 Va. 446, 451, 290 S.E.2d 839, 842 (1982) (citing, inter alia, Bain v. Commonwealth, 215 Va. 89, 205 S.E.2d 641 (1974)); see also Proctor, 14 Va.App. at 938, 419 S.E.2d at 868 (describing authentication as showing a document to be genuine) (quoting Friend, supra, at § 180).
Appellant does not challenge the authentication of the certificate of analysis itself, but, rather, the authentication of the date stamp , affixed to the certificate. Under Code § 19.2-187, a certificate of analysis is admissible to prove the truth of its contents without the appearance in court of the technician who conducted the analysis, provided the Commonwealth strictly complies with several “specific safeguards” listed in the statute. See Myrick v. Commonwealth, 13 Va.App. 333, 337, 412 S.E.2d 176, 178 (1991). Included among the mandatory safeguards is the requirement that the certificate be “filed with the clerk of the court hearing the *7 case at least seven days prior to the hearing or trial.” Code § 19.2-187. When the Commonwealth seeks to admit a certificate of analysis containing hearsay evidence, it has the burden of proving that the certificate satisfies the requirements of Code § 19.2-187, including the filing requirement. See Neal v. Commonwealth, 15 Va.App. 416, 420, 425 S.E.2d 521, 524 (1992) (stating that “[t]he party seeking to rely on an exception to the hearsay rule has the burden of establishing admissibility”). The admissibility of the date stamp on the certificate in this case is, therefore, essential to proving the Commonwealth’s claim that the certificate had been filed in accordance with Code § 19.2-187.
We hold that the trial court properly overruled appellant’s objection to the admission of the certificate of analysis based on his claim that the date stamp was not properly authenticated. In addressing the authenticity of the date stamp, the trial court acknowledged appellant’s argument that “[tjhere is no evidence to say that that’s the proper stamp of the court or that, in fact, that’s the kind of stamp the court uses.” The court ruled, however, that the date stamp “is an official stamp of the court and papers received in the court at the clerk’s office.”
“[TJhe fact of judicial notice must appear from the record.” Sutherland v. Commonwealth, 6 Va.App. 378, 383, 368 S.E.2d 295, 298 (1988) (citing Keesee v. Commonwealth 216 Va. 174, 175, 217 S.E.2d 808, 809 (1975) (per curiam)). Although the court did not use the words “judicial notice,” we find that the trial court’s ruling indicates that it took judicial notice of the identity of the date stamp.
“Judicial notice permits a court to determine the existence of a fact without formal evidence tending to support that fact.” Scafetta v. Arlington County, 13 Va.App. 646, 648, 414 S.E.2d 438, 439 (citing Friend, supra, at § 268), aff’d on reh’g, 14 Va.App. 834, 425 S.E.2d 807 (1992). A trial court may take judicial notice of those facts that are either (1) so “generally known” within the jurisdiction or (2) so “easily ascertainable” by reference to reliable sources that reasonably *8 informed people in the community would not regard them as reasonably subject to dispute. Ryan v. Commonwealth, 219 Va. 439, 445, 247 S.E.2d 698, 703 (1978); see also 2 McCormick on Evidence § 328 (John William Strong ed., 4th ed.1992); Friend, supra, at § 19-2.
“The taking of judicial notice is generally within the discretion of the trial court.” Ryan, 219 Va. at 446, 247 S.E.2d at 703 (citing Randall v. Commonwealth, 183 Va. 182, 186, 31 S.E.2d 571, 572 (1944)). A trial court’s discretion to take judicial notice of facts, however, is not without limits. A trial court may not take judicial notice of matters that are not otherwise judicially noticeable, merely because the judge happens to have individual and extrajudicial knowledge of those matters. See Darnell v. Barker, 179 Va. 86, 93, 18 S.E.2d 271, 275 (1942). In addition, regarding judicial records, a trial court “will not take judicial notice of its records, judgments and orders in other and different cases or proceedings, even though such cases or proceedings may be between the same parties and in relation to the same subject matter.” Fleming v. Anderson, 187 Va. 788, 794, 48 S.E.2d 269, 272 (1948). The question before this Court is whether the trial court abused its discretion in taking judicial notice of the date stamp’s authenticity.
We find no abuse of discretion in this case. The trial court did not expressly state the ground on which it based its judicial notice of the identity of its official date stamp. Judicial notice of the identity of the official date stamp of a court’s clerk’s office is proper, however, because this fact is easily ascertainable by reference to a reliable source. The actual date stamp utilized by a trial court’s clerk’s office is in such close proximity to a trial court that it can be easily inspected by the trial judge to verify its identity. With a source of indisputable accuracy so readily accessible, a reasonably informed person would not have regarded the identity of the trial court’s official date stamp as reasonably subject to dispute.
*9 II.
ADMISSION OF THE DATE STAMP AS HEARSAY
Appellant also contends the date stamp was inadmissible hearsay. “ ‘The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.’ ” Brown v. Commonwealth, 25 Va.App. 171, 181, 487 S.E.2d 248, 253 (1997) (en banc) (quoting Blain v. Commonwealth, 7 Va.App. 10, 16, 371 S.E.2d 838, 842 (1988)) (addressing issue of whether out-of-court statement was offered for the truth of the matter asserted). Of course, a trial court’s discretion is not without limits. See, e.g., Wright v. Commonwealth, 23 Va.App. 1, 8-9, 473 S.E.2d 707, 710 (1996) (en banc) (“Additionally, while a trial court generally has discretion in ruling on the admissibility of evidence, a trial court has no discretion to apply the doctrine of curative admissibility if the party seeking to invoke it intentionally failed to object to the inadmissible [hearsay] evidence in order to gain admission of otherwise inadmissible [hearsay] evidence.” (citations omitted)). “[A] trial court ‘by definition abuses its discretion when it makes an error of law.’ ” Shooltz v. Shooltz, 27 Va.App. 264, 271, 498 S.E.2d 437, 441 (1998) (quoting Koon v. United States, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)).
“Hearsay is an out-of-court statement offered to prove the truth of the matter asserted.” Garcia v. Commonwealth, 21 Va.App. 445, 450, 464 S.E.2d 563, 565 (1995) (en banc) (citing Tickel v. Commonwealth, 11 Va.App. 558, 564, 400 S.E.2d 534, 538 (1991)). “ ‘Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.’” Stevenson v. Commonwealth, 218 Va. 462, 465, 237 S.E.2d 779, 781 (1977) (quoting McCormick on Evidence § 246 (2d ed.1972)).
*10 The date stamp in this case was written evidence of the out-of-court statement made by an employee of the trial court’s clerk’s office that the document bearing the date stamp was filed with the clerk’s office on the date indicated. The Commonwealth offered the date stamp to prove that the certificate of analysis had been received and filed in the Chesterfield Circuit Court on July 13,1995. As such, the date stamp was hearsay because it was an out-of-court statement offered to prove the truth of the matter asserted. Nonetheless, we hold the trial court properly admitted the date stamp under the judicial records exception to the hearsay rule codified in Code § 8.01-389.
“ ‘As a general rule, hearsay evidence is incompetent and inadmissible,’ and ‘[t]he party seeking to rely upon an exception to the hearsay rule has the burden of establishing admissibility.’ ” Braxton v. Commonwealth, 26 Va.App. 176, 183-84, 493 S.E.2d 688, 691 (1997) (quoting Neal, 15 Va.App. at 420-21, 425 S.E.2d at 524). Generally, “authenticating a document — that is, proving that it is genuine — does not resolve other obstacles that may prevent the evidence from being admissible. The hearsay issue must be resolved independently....” Hall v. Commonwealth, 15 Va.App. 170, 175, 421 S.E.2d 887, 890 (1992) (citation omitted). In Virginia, the law of hearsay is governed by both common law and statute. See, e.g., Terry v. Commonwealth, 24 Va.App. 627, 633, 484 S.E.2d 614, 616 (1997) (explaining relationship between common law and statutory “recent complaint” exceptions); see also Hanson v. Commonwealth, 14 Va.App. 173, 185, 416 S.E.2d 14, 21 (1992) (explaining that Virginia has not adopted codified rules of evidence).
Code Section 8.01-389(A) provides:
The records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as prima facie evidence provided that such records are authenticated and certified by the clerk of the court where preserved to be a true record.
*11 In the same way that “Code § 8.01-390 has codified, the official written documents exception [to the hearsay rule] recognized in Virginia for documents or copies of documents that are properly authenticated in accordance with its requirements,” Ingram v. Commonwealth, 1 Va.App. 335, 340, 338 S.E.2d 657, 659 (1986), its companion statute Code § 8.01-389 “codifies as part of the official records exception to the hearsay rule judicial ‘records’ which are properly authenticated.” Dingus v. Commonwealth, 23 Va.App. 382, 392, 477 S.E.2d 303, 308 (1996) (Coleman, J., concurring in part and dissenting in part) (citing Owens v. Commonwealth, 10 Va.App. 309, 311, 391 S.E.2d 605, 607 (1990)).
Although the language of Code § 8.01-389(A) requires that a judicial record be “authenticated and certified by the clerk of the court where preserved to be a true record” prior to its admission, it does not indicate that the formal introduction of evidence is the exclusive means by which this requirement can be satisfied. In Owens, 10 Va.App. at 311, 391 S.E.2d at 607 (citations omitted), we addressed the meaning of this requirement:
For purposes of this Code section the terms “authenticated” and “certified” are basically synonymous and we are unwilling to place undue significance on the fact they are used in the conjunctive in the statute. Authentication is merely the process of showing that a document is genuine and that it is what its proponent claims it to be. As we noted in Ingram v. Commonwealth, 1 Va.App. 335, 338 S.E.2d 657 (1986), “[t]he underlying rationale which justifies admitting facts contained in official records as an exception to the hearsay rule is that the concern for reliability is largely obviated because the nature and source of the evidence enhance the prospect of its trustworthiness.”
The principles we articulated in Owens are applicable here. Because the trial court took judicial notice that the date stamp was genuine and was what its proponent claimed it to be, the date stamp was authenticated within the meaning of Code § 8.01-389(A). The policy basis for the judicial records exception codified in Code § 8.01-389(A) was satisfied because *12 the identity of the date stamp was so easily ascertainable by reference to reliable sources that reasonably informed people in the community would not regard it as reasonably subject to dispute. We therefore hold that the date stamp was sufficiently “authenticated and certified” to satisfy the requirements of the statute.[1] Because the date stamp met the authentication requirement of the statute, it fell within the judicial records exception to the hearsay rule, and “shall be received as prima facie evidence.” Code § 8.01-389; cf Ingram, 1 Va.App. at 340, 338 S.E.2d at 659 (explaining that Code § 8.01-389 codifies the official records exception to the hearsay rule).
In summary, we hold that a court may take judicial notice of the identity of the date stamp employed by its clerk because the information is easily ascertainable through reference to the actual date stamp. We also hold that the trial court’s judicial notice of the authenticity of the date stamp satisfies the authentication requirement of Code § 8.01-389 and that therefore the court did not err in admitting the date stamp as a judicial record. Once properly admitted, the date stamp provided evidence that the certificate of analysis was filed with the court at least seven days in advance of trial. Code § 19.2-187. Therefore, we find that the certificate of analysis was properly admitted into evidence and affirm appellant’s convictions.

Affirmed.

. By so holding, we express no opinion on means of authentication other than judicial notice or certification by the clerk of the court.