COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Alston and Senior Judge Clements
Argued at Richmond, Virginia


MICHELLE D. MERCURIO
                                              MEMORANDUM OPINION[*] BY
v.        Record No. 0401-09-2               JUDGE JEAN HARRISON CLEMENTS
                                                   NOVEMBER 3, 2009
SCOTT M. MERCURIO


               FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                            Samuel E. Campbell, Judge

               Adrienne George-Eliades (The Eliades Law Firm, P.L.L.C., on
               brief), for appellant.

               No brief or argument for appellee.

               (Rosalyn Vergara, on brief), Guardian *ad litem* for the infant child.
               Guardian *ad litem* submitting on brief.


        Michelle D. Mercurio (mother) appeals an order of the trial court awarding sole legal and

physical custody of the parties' child to Scott M. Mercurio (father).  Mother contends the trial court

erred by (1) reading and considering evidence from the Hopewell Juvenile and Domestic Relations

District Court (the JDR court) proceedings prior to hearing this matter *de novo*; (2) reading and

considering the guardian *ad litem*'s (GAL) report(s) prior to hearing this matter *de novo*;

(3) applying an incorrect *de novo* standard of review; (4) failing to recuse itself for having read the

GAL's report(s) and portions of the proceedings appealed from before a trial *de novo*; (5) taking

judicial notice of reasons why parents in pending custody cases visit their children for lunch and by

doing so without advising the parties in advance that he would apply such knowledge; (6) finding

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

that it would be in the child's best interests that custody remain with father[1]; and (7) waiving the endorsement of counsel and failing to allow counsel to state and note their objections on the record notwithstanding counsel's request to do so prior to entry of the order. Finding no error, we affirm the trial court's decision.

BACKGROUND

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

On December 12, 2006, the trial court awarded custody of the minor child to father. Father and the child resided in Massachusetts. Subsequently, the Massachusetts Department of Social Services founded an abuse complaint against father regarding the parties' child. As a result of that finding, mother filed a motion for a change of custody in the JDR court on August 16, 2007. The JDR court awarded her temporary custody of the child. Mother enrolled the child in school in Hopewell, and father moved to Virginia and began counseling. The JDR court amended the order to award father temporary custody of the child and ordered Dr. Penny Sprecher to perform a psychological evaluation of the child. The child remained in the same school, began counseling, and was evaluated for ADHD medication. In May or June of 2008, father moved to Ladysmith, Virginia. In the summer of 2008, the parties shared custody of the child. On August 27, 2008, the JDR court awarded sole custody to father, and mother appealed.

After hearing the evidence and argument of the parties on January 26, 2009, the trial court awarded sole custody to father. The trial court emphasized the child's need for stability and

_____

[1] The GAL also listed this issue in her brief, and argues that the trial court erred in finding that the best interests of the child would be served by his custody remaining with father notwithstanding the evidence and recommendation of the GAL.

security, especially because he was diagnosed with ADHD. The trial court emphasized that the custody matter had been litigated numerous times and needed to stop. The trial court found that it was in the child's best interests to remain with father. Mother timely noted her appeal.

ANALYSIS

Issue 1 - Evidence from the JDR court

Mother argues that the trial court erred in considering Dr. Sprecher's report, which was filed in the JDR court and thereafter in the trial court, prior to hearing the matter *de novo*.[2] During Dr. Sprecher's testimony, the trial court stated that it had reviewed "some of the report" and that "[s]he and I have different views." Mother did not note her objection to this statement until her motion for reconsideration.

The Court of Appeals will not consider a claim of trial court error as a ground for reversal "where no timely objection was made, except to attain the ends of justice." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998) (citing Rule 5A:18). "To be timely, an objection must be made when the occasion arises -- at the time the evidence is offered or the statement made." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986).

By waiting until the motion for reconsideration to note her objection, mother did not provide the trial court with an opportunity to address the issue until after its decision on the merits. Because the objection was not timely, Rule 5A:18 bars our consideration of this issue on appeal.

Moreover, any potential error committed by the trial court was harmless because the trial court did not rely on Dr. Sprecher's report in its ruling. See King v. Cooley, 274 Va. 374, 379, 650

---

[2] Dr. Sprecher's report was not admitted into evidence in the trial court.

S.E.2d 523, 526 (2007) ("Under the doctrine of harmless error, we will affirm the circuit court's judgment when we can conclude that the error at issue could not have affected the [result].").

<u>Issue 2 – GAL reports</u>

Mother contends the trial court erred in reading and considering the GAL's report(s) prior to hearing this matter *de novo*.

The GAL filed an "Addendum to the Report of the Guardian *Ad Litem*" in the trial court on December 1, 2008, the day before the custody matter was originally scheduled to be heard. Mother filed a motion *in limine* and argued that the trial court should not consider the GAL's report. Mother alleged that the report contained impermissible hearsay. Mother also argued that the trial court could not consider any reports or evidence from the JDR court.

At the hearing, the trial court stated that it had not seen or read the GAL report. The December 8, 2008 order states, "That this is a trial *de novo* and therefore the Court may not consider the filings and evidence previously introduced in the juvenile court." The December 8, 2008 order also states, "The issue remains as to whether or not the Court may consider, over the objection of counsel, the current report filed by the guardian on December 1, 2008." The trial court never ruled on the issue.

The GAL's report was not submitted as evidence at the hearing, although the trial court mentioned that the GAL had a recommendation for custody in her report, which the trial court "has seen."

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." Mother did not comply with Rule 5A:20(e) because her opening brief does not contain any principles of law, or

- 4 -

citation to legal authorities, or the record to fully develop her argument that the trial court erred in reviewing the GAL's addendum filed December 1, 2008.[3]

Mother has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id.

We find that mother's failure to comply with Rule 5A:20(e) is significant, so we will not consider whether the trial court erred in reading and considering the GAL's report(s). See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

### Issue 3 – *De novo* standard of review

Mother argues that the trial court erred in its application of the *de novo* standard of review. She contends the trial court restricted her from presenting evidence prior to the JDR ruling of August 27, 2008, even though the last custody order was December 12, 2006.

In its December 8, 2008 order, the trial court correctly stated the *de novo* standard of review, when it explained that "this is a trial *de novo* and therefore the Court may not consider the filings and evidence previously introduced in the juvenile court." However, during the trial, the following exchange occurred between the trial court and mother's counsel regarding the *de novo* standard:

> THE COURT: She's entitled to testify as to any change of circumstance since the order was entered. You've gone clear back to the whole thing, Ms. Eliades.

---

[3] The trial court clearly stated in its order dated December 8, 2008 that it was not going to consider any evidence or reports from the JDR court; therefore, the issue is limited to the GAL's addendum.

MS. GEORGE-ELIADES: No, Your Honor, if I may. I have covered from December '06 until today, which is what I'm required to do.

\* \* \* \* \* \* \*

THE COURT: In 27 August '08, what was the order of the court – J & DR Court?

MS. GEORGE-ELIADES: Your Honor, that's the order that's been appealed. But we have to show a change in circumstances from December '06.

THE COURT: How do you get past the 27 August '08?

MS. GEORGE-ELIADES: I get past that because on trial de novo, this Court is required to consider all of the evidence of a change in circumstances since the order that's been moved to amend until date of trial, which is today. We're on trial de novo.

\* \* \* \* \* \* \*

THE COURT: You're telling me that you can skip the August order of Judge Waymack?

MS. GEORGE-ELIADES: Because it's trial de novo, Your Honor. It is trial de novo. I am not –

THE COURT: It goes back to the original all of the time?

MS. GEORGE-ELIADES: Yes. Every time. I am here –

\* \* \* \* \* \* \*

THE COURT: Let's keep going. He hasn't objected. This is just the Court speaking. I'd like to see what's going on here. I can't say I agree with you.

"We have repeatedly held that an appeal to the circuit court from a court not of record under Code § 16.1-136 annuls the judgment of the inferior tribunal as completely as if there had been no previous trial . . . and that such a trial *de novo* in the circuit court grants to a litigant every advantage which would have been his had the case been tried originally in such court." Walker v. Department of Public Welfare, 233 Va. 557, 563, 290 S.E.2d 887, 890 (1982) (citations omitted).

- 6 -

"A party appealing to a circuit court has the right to a *de novo* trial 'unhampered and unprejudiced' by the lower court's ruling." Alexander v. Flowers, 51 Va. App. 404, 414, 658 S.E.2d 355, 359 (2008) (quoting Baylor v. Commonwealth, 190 Va. 116, 120, 56 S.E.2d 77, 79 (1949)).

Despite the trial court's comments, the trial court allowed mother to present her evidence. For example, mother presented evidence from the child's previous teacher and guidance counselor. The child was in their school during the 2007-2008 school year. There was evidence about the mother eating lunch with the child during the 2007-2008 school year. Mother testified about the events in August 2007 that led her to file a motion to change custody. Even after the discussion that mother's counsel had with the trial judge about the *de novo* standard, mother testified about packing the child's lunch during the 2007-2008 school year. When father testified, mother asked on cross-examination about his anger management classes in October 2006 and the child's need for medication in the fall of 2007. Mother also argued in closing argument about events that occurred prior to August 2008. In its ruling, the trial court cited to the teacher's and guidance counselor's testimony. He also mentioned Dr. Sprecher's testimony, yet her evaluation of the child occurred between January and March 2008. Although the trial court seemed to misstate the *de novo* standard in its discussion with counsel, the trial court did not prevent mother from presenting her evidence and making her argument. Therefore, the trial court did not err in applying the *de novo* standard of review.

## Issue 4 – Recusal

Mother argues that the trial court abused its discretion by failing to recuse itself for having read the GAL's report(s) and portions of the proceedings appealed from before a trial *de novo*.[4] At

---

[4] At docket call, mother asked the trial court judge to recuse himself from hearing this case because "this was appealed once before a while ago. There have been issues that have been brought since and there was an issue that was brought up with respect to noting an appeal in this matter."

no point during the hearing did mother ask the trial court to recuse itself because it allegedly read the GAL reports and portions of the JDR proceedings.[5]

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc). There was no miscarriage of justice in this case, and the ends of justice exception does not apply. Therefore, we will not consider whether the trial court abused its discretion in not recusing itself because it allegedly read the GAL report(s) and evidence from the JDR proceedings.

### Issue 5 – Judicial Notice

Mother argues that the trial court erred in taking judicial notice of reasons why parents in pending custody cases visit their children for lunch.

During its ruling, the trial court stated:

> There's no question that there's been some problems about – I don't want to say problems, but the mother has been able to visit during school times for lunches.
>
> The court pointed out to the teacher, isn't that a time during litigation that that's when parents pick up their interest and all of a sudden having lunches? 28 years of experience to the Court finds that's a true statement, [sic] that they do start visiting more when there's litigation going on. The teacher doesn't have the same

---

The trial court initially agreed to set the case with another judge; however, due to scheduling conflicts, the trial court judge was assigned the case. This issue of recusal is not part of the appeal.

[5] Mother noted her objection on the final order but did not give the trial court a timely opportunity to correct any potential error.

experience so the Court does not weigh in one way or the other, other than the Court has different experiences.

"A trial court may take judicial notice of those facts that are either (1) so 'generally known' within the jurisdiction or (2) so 'easily ascertainable' by reference to reliable sources that reasonably informed people in the community would not regard them as reasonably subject to dispute." Taylor v. Commonwealth, 28 Va. App. 1, 7-8, 502 S.E.2d 113, 116 (1998) (quoting Ryan v. Commonwealth, 219 Va. 439, 445, 247 S.E.2d 698, 703 (1978)). "'The taking of judicial notice is generally within the discretion of the trial court.'" Id. at 8, 502 S.E.2d at 116 (quoting Ryan, 219 Va. at 446, 247 S.E.2d at 703).

Mother contends the trial court erred in taking notice of how often and when parents in custody cases visit their children for lunch. Mother took this isolated comment to argue that the trial court erred in holding that custody should remain with father.

Absent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts. Furthermore, we will not fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been misapplied.

Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977).

We need to consider the entire record, and not one isolated comment, to determine whether the trial court erred in awarding custody to father. Notwithstanding the judge's comments about parents visiting their children for lunch during custody disputes, the trial court's ruling is based on facts in the record.

### Issue 6 – Child's best interests

Mother and the GAL argue that the trial court erred in finding that it was in the child's best interests for custody to remain with father.

- 9 -

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

"As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).

A court "shall consider" the factors in Code § 20-124.3 to determine the "best interests of a child" for custody or visitation. Code § 20-124.3. However, a court "'is not required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)).

Here, the trial court examined the factors in Code § 20-124.3 and found that it was in the child's best interest to remain in father's custody. The child was seven years old, healthy, and responding well to his ADHD medication. The trial court emphasized the child's need for stability and that the parents needed to refrain from "coming to Court every time you turn around." The trial court noted that each parent was involved in the child's life and has a good relationship with the child. Mother's boyfriend was "questionable" due to a previous history of abuse.

"Where the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial court." Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 2 (1992).

The evidence supports the trial court's ruling. The trial court did not abuse its discretion in awarding custody to father.

<u>Issue 7 – Endorsement and objections to the final order</u>

Mother argues that the trial court abused its discretion in waiving the endorsement of counsel to the final order and failing to allow counsel to note her objections on the record.

At the conclusion of the trial court's ruling, the trial court announced that it would prepare the final order. Mother requested that she be given the order prior to its entry so that she could note her objections. The trial court agreed. However, on January 26, 2009, the trial court entered the order prior to mother having an opportunity to note her objections. Mother filed a motion to endorse order and motion for reconsideration. On February 12, 2009, the trial court entered an order, *nunc pro tunc* January 26, 2009, granting leave to counsel to note her objections to the custody order. Subsequently, mother filed her objections with the trial court. Since the trial court gave mother the opportunity to endorse the order and file her objections, this issue is moot. <u>See</u> <u>United States Parole Comm'n v. Geraghty</u>, 445 U.S. 388, 396 (1980) (holding that "mootness has two aspects: 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome'" (quoting <u>Powell v. McCormack</u>, 395 U.S. 486, 496 (1969))).

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

<u>Affirmed.</u>