COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present: Judges Alston, Huff and Chafin
Argued at Alexandria, Virginia

WILLIAM RAND BARNES

OPINION BY
v.      Record No. 0205-14-4                    JUDGE GLEN A. HUFF
                                                OCTOBER 28, 2014
LUCILLE F. BARNES

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Charles J. Maxfield, Judge

Ted Kavrukov (Law Office of Ted Kavrukov, LLC, on briefs), for
appellant.

Susan Leslie-Fraser (The Law Offices of Susan Leslie-Fraser, on
brief), for appellee.

William R. Barnes ("appellant") appeals a ruling of the Fairfax County Circuit Court

("trial court") granting Lucille F. Barnes' ("appellee") motion to strike appellant's evidence in

appellant's petition to modify spousal support. On appeal, appellant first argues that the trial

court erred by granting appellee's motion to strike on the ground that appellant failed to prove a

change in circumstances that warrants a modification in spousal support. Next, appellant argues

that the trial court erred by failing to take judicial notice of appellant's monthly income in 1991

as recorded in Barnes v. Barnes, 16 Va. App. 98, 428 S.E.2d 294 (1993). Finally, appellant

argues that the trial court erred by failing to apply the correct standard for evaluating a motion to

strike when considering the testimony of Christopher Blank ("Blank"). For the following

reasons, we affirm in part and dismiss in part.

## I.  BACKGROUND

"According to well-settled principles of appellate review, when the trial court grants a motion to strike the plaintiff's evidence, we review the evidence on appeal in the light most favorable to the plaintiff."  Green v. Ingram, 269 Va. 281, 284, 608 S.E.2d 917, 919 (2005) (citing Perdieu v. Blackstone Family Practice Ctr., Inc., 264 Va. 408, 411, 568 S.E.2d 703, 704 (2002)); see also Bryan v. Burt, 254 Va. 28, 30-31, 486 S.E.2d 536, 537 (1997).  So viewed, the evidence is as follows.

The parties were married in June 1981 and divorced in December 1991.  Although the divorce was granted in appellant's favor on the ground of adultery, appellee was nevertheless awarded $1,200 per month in spousal support.  This award was appealed to, and affirmed by, this Court in Barnes v. Barnes, 16 Va. App. 98, 428 S.E.2d 294 (1993).

More than two decades later, appellant filed a petition to amend spousal support, which the trial court heard in May 2013.  At the hearing on appellant's petition, Blank testified that he was appellant's former business partner and is the current president of Love, Barnes and McKew Insurance Adjusters.  In December 2006, Blank, along with other employees of the business, entered into a "Buy/Sell Agreement" with appellant, whereby they purchased appellant's interest in the business.  The agreement went into effect in January 2008, at which point appellant retired.  Under the terms of the agreement, the buyers agreed to pay appellant a total of $500,000 in various installments.  The agreement terminated on December 23, 2011, when the last installment was paid.

Appellant was called as the next witness, but he was unable to answer many questions or even provide his home address.  The trial judge allowed appellant's counsel to ask some leading questions, which resulted in appellant affirming that he had dementia and heart problems.

Appellant's last witness was Sharon Lewis ("Lewis"). Lewis is appellant's live-in caretaker. She does all the cooking and cleaning, gives appellant his medications, pays some of his bills, takes him to the doctor, and provides any other necessary help. Lewis testified that appellant has "lost thirty pounds in the last six months. He is forgetful. I've taken over – he can't – he doesn't do math. He doesn't have any comprehension of a lot of things." Lewis also testified that, at the time of the hearing, appellant's income consisted of $1,242 per month from two annuities and $2,202 per month from social security.

After appellant concluded his case-in-chief, appellee moved to strike appellant's evidence, arguing that it failed to prove a change of circumstances that justified amending the current spousal support award. The trial court granted appellee's motion stating,

> You've got to show an economic change of circumstances . . . .
> Coming in and saying, "Woe is me" at this point isn't enough . . . .
> You can't just come in and say "I am in a bad situation today," and
> then presume that I was in a good situation in 199[1] . . . .

Appellant subsequently filed a motion for reconsideration, which was heard on October 10, 2013. At the hearing on his motion, appellant argued that the trial court should take judicial notice of appellant's monthly income of $7,700 in 1991, as is recorded in Barnes, 16 Va. App. 98, 428 S.E.2d 294. The trial court declined to do so, stating that the opinion was not in evidence. This appeal followed.

## II. ANALYSIS

### A. Change In Circumstances

On appeal, appellant first contends that the trial court erred by granting appellee's motion to strike on the ground that appellant failed to present sufficient evidence to demonstrate a change in circumstances that warrants a modification of the existing spousal support award. Specifically, appellant argues that the trial court erred by reasoning that he must prove his

financial status as it existed in 1991 in order to show a change in circumstances. Additionally, appellant argues that both his dementia and retirement, standing alone, were sufficient evidence to support a holding that appellant has suffered a change in circumstances that warrants a modification of spousal support.

When considering on appeal a trial court's decision to grant a motion to strike, "it is [this Court's] duty to view the evidence and all reasonable inferences therefrom in the light most favorable to the plaintiff whose evidence was struck." Costner v. Lackey, 223 Va. 377, 381, 290 S.E.2d 818, 820 (1982) (citing Warehouse v. Prudential Storage, 208 Va. 784, 790, 161 S.E.2d 86, 90 (1968)).

Code § 20-109(A) provides that "[u]pon petition of either party the court may increase, decrease, or terminate the amount or duration of any spousal support and maintenance . . . as the circumstances may make proper." Under this provision, the party moving for a modification of support payments must prove "both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). Furthermore, the "material change in circumstances must have occurred after the most recent judicial review of the award." Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997) (citing Hiner v. Hadeed, 15 Va. App. 575, 577, 425 S.E.2d 811, 812 (1993)).

In the present case, appellant argues that the trial court should have determined that both his dementia and retirement constituted a change in circumstances regardless of his financial status in 1991. Other than death, remarriage, or cohabitation "in a relationship analogous to marriage," Code § 20-109(A) and (D), "the [only] 'circumstances' which make 'proper' an increase, reduction or cessation of spousal support under Code § 20-109 are *financial and economic* ones." Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452-53 (1988)

- 4 -

(emphasis added). Or, in other words, the change "'must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.'" Moreno, 24 Va. App. at 195, 480 S.E.2d at 795 (quoting Hollowell, 6 Va. App. at 419, 369 S.E.2d at 452).

In the present case, appellant failed to show how, if at all, his dementia and retirement have adversely affected his financial and economic status since the previous spousal support award. Rather, appellant's evidence only demonstrated that he developed dementia, retired, and currently has a monthly income of $3,444 – notably absent is any evidence demonstrating how appellant's income is different than it was 1991. Viewing this evidence in the light most favorable to appellant, it failed to show that appellant has suffered any "financial or economic" changes in circumstances, Hollowell, 6 Va. App. at 419, 369 S.E.2d at 452-53, that "bear upon . . . [his] ability . . . to pay" appellee's spousal support, Moreno, 24 Va. App. at 195, 480 S.E.2d at 795. Phrased differently, there is no indication that appellant's current financial status – and thereby his ability to pay appellee's spousal support – is any different than it was in 1991.[1] Without such a showing, the trial court was without any basis for determining how, if at all, the current spousal support order should be modified.

Therefore, as appellant's evidence failed to demonstrate a change in circumstances that justifies a modification in the existing spousal support order, the trial court did not err by granting appellee's motion to strike.

---

[1] While appellant's evidence established that his current monthly expenses exceed his monthly income, there was no evidence presented from which the trial court could have concluded that this was not also the state of appellant's financial condition in 1991. As the trial court noted, appellant cannot simply say "'[w]oe is me' . . . 'I am in a bad situation today,' and then [ask this Court to] presume that I was in a good situation in 199[1]."

B. Judicial Notice

Appellant next argues that the trial court erred by failing to take judicial notice of appellant's monthly income in 1991 as recorded in Barnes, 16 Va. App. 98, 428 S.E.2d 294.

"Judicial notice permits a court to determine the existence of a fact without formal evidence tending to support that fact." Taylor v. Commonwealth, 28 Va. App. 1, 7, 502 S.E.2d 113, 116 (1998) (citation omitted). Generally, "[a] trial court may take judicial notice of those facts that are either (1) so 'generally known' within the jurisdiction or (2) so 'easily ascertainable' by reference to reliable sources that reasonably informed people in the community would not regard them as reasonably subject to dispute." Id. (quoting Ryan v. Commonwealth, 219 Va. 439, 445, 247 S.E.2d 698, 703 (1978)); see also Rule 2:201 (judicial notice of adjudicative facts). "The taking of judicial notice is generally within the discretion of the trial court." Ryan, 219 Va. at 446, 247 S.E.2d at 703. "A trial court's discretion to take judicial notice, however, is not without limits." Taylor, 28 Va. App. at 8, 502 S.E.2d at 116.

It is well-settled that both trial courts and appellate courts will take judicial notice of the case records in the proceeding at bar. Peterson v. Haynes, 145 Va. 653, 658, 134 S.E. 675, 676 (1926). Appellate courts may also notice prior proceedings in the same case, Hayes v. Glenn, 197 Va. 746, 752, 91 S.E.2d 433, 437 (1956), and their own records in other cases, Harris v. Commonwealth, 262 Va. 407, 413, 551 S.E.2d 606, 609 (2001). Trial courts, however, "will not take judicial notice of [their] records, judgments and orders in other and different cases or proceedings, *even though such cases or proceedings may be between the same parties and in relation to the same subject matter*." Fleming v. Anderson, 187 Va. 788, 794, 48 S.E.2d 269, 272 (1948) (emphasis added).

In Bernau v. Nealon, 219 Va. 1039, 1043, 254 S.E.2d 82, 85 (1979), the Supreme Court summarized this rule as follows:

> [trial] court[s] will not travel outside the record of the case before it in order to take notice of the proceedings in another case, even between the same parties and in the same court, unless the proceedings are put into evidence. The reason for the rule is that the decision of a cause must depend upon the evidence introduced. If the courts should recognize judicially facts adjudicated in another case, it makes those facts, though unsupported by evidence in the case at hand, conclusive against the opposing party; while if they had been properly introduced they might have been met and overcome by him.

This rule, however, does not prohibit the introduction of a certified copy of another court's records into evidence. Ballard v. Thomas & Annon, 60 Va. (19 Gratt.) 14, 18 (1868). Indeed, "[t]he usual mode of proving the record of another court, is by the production of a certified copy." Id.; see also Code § 8.01-389(A) ("The records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as prima facie evidence provided that such records are authenticated and certified by the clerk of the court where preserved to be a true record.").

Thus, in the present case, appellant could have moved for this Court's opinion in Barnes, 16 Va. App. 98, 428 S.E.2d 294, to be admitted into evidence before the trial court, but he did not. Rather, he asked the trial court to take judicial notice of an adjudicated fact from that opinion, which might have been dispositive in the case at bar. While trial courts generally have discretion regarding whether to take judicial notice, a trial court has no discretion to take judicial notice of an adjudicated fact from another case unless that case is offered into evidence. As such, the trial court in the present case did not err when it declined to do so.

### C. Motion to Strike Standard

In his third assignment of error, appellant argues that the trial court "did not correctly apply the standards for evaluating a motion to strike" when evaluating Blank's testimony. This argument, however, is procedurally defaulted.

- 7 -

Rule 5A:20(e) requires that appellant's opening brief include the "principles of law, the argument, and the authorities relating to *each* assignment of error." (Emphasis added). Appellant's brief does not meet these requirements regarding his third assignment of error. Instead, it relies on broad and conclusory assertions without a single citation to any controlling legal authority that supports his position.

As this Court noted in <u>Buchanan v. Buchanan</u>, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992), "[s]tatements unsupported by argument, authority, or citations to the record *do not merit appellate consideration*. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." (Emphasis added).; <u>see also</u> <u>Fadness v. Fadness</u>, 52 Va. App. 833, 850, 667 S.E.2d 857, 865 (2008) ("'[W]hen a party's failure to strictly adhere to the requirements of Rule 5A:20(e) is significant, the Court of Appeals may . . . treat a question presented as waived.'" (quoting <u>Parks v. Parks</u>, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008))).

Accordingly, this Court holds that appellant's third assignment of error fails to satisfy the requirements of Rule 5A:20(e) and therefore does not merit appellate consideration. Assignment of error three therefore is dismissed pursuant to Rule 5A:26.

### D. Attorney's Fees

Appellee requests costs and attorney's fees for matters relating to this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  In this context, and upon consideration of the entire record, this Court holds that appellee is not entitled to costs or attorney's fees associated with this appeal.

### III.  CONCLUSION

Therefore, this Court holds that the trial court did not err by striking appellant's evidence because it was insufficient to support a finding of a change in circumstances that warrants a modification in spousal support.  This Court also holds that the trial court did not abuse its discretion by failing to take judicial notice of an adjudicated fact from this Court's opinion in Barnes, 16 Va. App. 98, 428 S.E.2d 294.  Finally, this Court holds that appellant's third assignment of error does not merit appellate consideration under Rule 5A:20(e).

Affirmed, in part;
dismissed, in part.